HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TANYA PHELPS,

    Plaintiff,

v.

MULTICARE HEALTH SYSTEM,

    Defendant.

CASE NO. C15-5120 RBL

ORDER DENYING MOTION TO REMAND

[DKT. #10]

THIS MATTER is before the Court on Plaintiff Phelps's Motion to Remand [Dkt. #10]. Phelps is a former Tacoma General Hospital employee. She was employed under a Collective Bargaining Agreement. She was ultimately terminated, and she sued in state court, alleging only state law claims under the Washington Law Against Discrimination (WLAD) and claims for intentional infliction of emotional distress (outrage). [Dkt. #1-1] Multicare (d/b/a Tacoma General) timely removed the case to this court under 28 U.S.C. §1331, alleging that the case involved a federal question. [Dkt. #1] Specifically, it claimed (and continues to claim) that Phelps's state law employment discrimination claims are preempted by §301 of the Labor Relations Management Act:

> [T]he United States Supreme Court has construed Section 301 "quite broadly to cover most state law actions that require interpretation of labor agreements."

<u>Associated Builders & Contrs. v.</u> Local 302 IBEW, 109 F.3d 1353, 1356-57 (9th Cir. Cal. 1997). Thus, Section 301 preempts state law claims if their evaluation is "inextricably intertwined" with consideration of the terms of a labor contract (<u>Hayden v. Reickerd</u>, 957 F.2d 1506, 1509 (9th Cir. 1991)), or if those claims "are substantially dependent on analysis and interpretation of a collective bargaining agreement." <u>Caterpillar, Inc</u>., 482 U.S. at 394.

[Dkt. #1 at 3-4]. Multicare argues that none of Phelps's claims can be resolved without consulting the collective bargaining agreement.

Phelps seeks remand, arguing that her complaint alleges only plain-vanilla WLAD claims that do not facially or actually implicate §301 of the LRMA, and which do not depend on her status as a union member.

The parties agree that Multicare has the obligation to demonstrate that the removal was proper. Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998) and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* at 566.

Phelps argues that she can articulate and prevail on her WLAD claim without reference to her union membership or the LMRA. This argument misses the point, however. The issue is whether her claims require the court to analyze and interpret the collective bargaining agreement which forms the basis for her employment. As Multicare points out, Courts look beyond the face of the complaint to determine whether the claims asserted require the interpretation of a collective bargaining agreement, even if the plaintiff does not specifically reference it. *See*

*Lippitt v. Raymond Jones Financial Servs., Inc.*, 340 F.3d 1033 (9th Cir. 2003).  But in this case, Phelps's complaint specifically alleges that Multicare breached specific articles of the collective bargaining agreement when it fired her.  *See* Complaint, Paragraph 3.8 [Dkt. #1-1] (referencing the terms of "Union Contract Article 10.1").

The terms of the collective bargaining agreement regulate the terms, conditions and procedures of Phelps's employment, and her WLAD claims are thus pre-empted by §301 of the LMRA.  This pre-emption also applies to her emotional distress claim.  Section 301 preemption extends to both state law contract and tort claims that "arise under, or depend on, analysis of the terms of a labor contract [Dkt. #12 at 7, *citing Allias Chalmers v Lueck*, 471 U.S. 202 at 211 (1985)].  Phelps's complaint thus concedes that her claim requires the interpretation of the collective bargaining agreement, and her Motion's effort to ignore the pre-emption issue is not effective.

Phelps's state law claims are preempted by §301 of the LMRA, and her Motion to Remand this matter to State Court is DENIED.

IT IS SO ORDERED.

Dated this 6th day of May, 2015.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE